UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MP3013

LASHAWN FIELDS,

Petitioner,

-against-

H. D. GRAHAM, Superintendent,
Auburn Correctional Facility,

Respondent.

AFFIRMATION IN OPPOSITION TO PETITION FOR A WRIT OF HABEAS CORPUS

08-CV-735 (JG)

STATE OF NEW YORK )
) SS:
COUNTY OF KINGS )

MARIA PARK, affirms as follows:

1. I am an Assistant District Attorney of counsel to Charles J. Hynes, the District Attorney of Kings County. I am admitted to practice in New York State and before this Court.

2. By agreement with the Attorney General of the State of New York, the District Attorney of Kings County will represent respondent in the above-captioned matter.

3. This affirmation is submitted in opposition to the pro se application dated February 15, 2008 of Lashawn Fields (hereafter "defendant") for a federal writ of habeas corpus. Unless otherwise indicated, this affirmation is made upon information and belief, based upon the records and files of the Kings County District Attorney's Office.

4. In the early morning hours of September 10, 2002, defendant, his friend Iashawn Abrams, and Ralph Julien were on the roof of 856 Nostrand Avenue, in Brooklyn, when defendant accused Julien of having stolen a gun from defendant's girlfriend's apartment. While Abrams restrained Julien, defendant repeatedly shot Julien with a handgun, striking him in the

chest, leg, and ear. Within hours of the shooting, defendant admitted to Omar Foxworth that he had shot Julien because Julien had stolen a gun.

5. For these acts, defendant and co-defendant Iashawn Abrams were charged, by Kings County Indictment Number 8712/2002, under an acting in concert theory, with Attempted Murder in the Second Degree (N.Y. Penal Law §§ 110.00/125.25[1]), Criminal Possession of a Weapon in the Second Degree (N.Y. Penal Law § 265.03[2]), Criminal Possession of a Weapon in the Third Degree (N.Y. Penal Law § 265.02[4]), and Criminal Possession of a Weapon in the Fourth Degree (N.Y. Penal Law § 265.01[1]).

6. On January 21, 2004, defendant was found guilty, after a jury trial, of attempted second-degree murder. On March 9, 2004, the court adjudicated defendant a second felony offender and sentenced him to fifteen years in prison and five years' post-release supervision, to run consecutively to any sentence defendant subsequently received for violating his parole (Tomei, J., at pretrial hearing, trial, and sentence).[1]

7. In October 2005, defendant filed a direct appeal in the New York Supreme Court, Appellate Division, Second Department (hereafter "Appellate Division") from his judgment of conviction. In his brief, defendant claimed that the evidence of his guilt was legally insufficient because the testimony of two of the People's witnesses was incredible as a matter of law, and that the verdict was against the weight of the evidence.

8. On April 25, 2006, the Appellate Division unanimously affirmed defendant's judgment of conviction. People v. Fields, 28 A.D.3d 789, 812 N.Y.S.2d 888 (2d Dep't 2006).

---

[1] On July 16, 2003, co-defendant Abrams pled guilty to attempted second-degree weapon possession (N.Y. Penal Law §§ 110.00/265.03[2]), and on August 25, 2003, he was sentenced to a prison term of four years (Sullivan, J., at plea and sentence).

The Appellate Division held that defendant's legal sufficiency claim had not been preserved for appellate review, but that, in any event, the State had proved defendant's guilt beyond a reasonable doubt. The Appellate Division noted that any disparities "in the victim's prior statements to a police officer and the victim's trial testimony were fully explored at trial and were matters to be considered by the jury in assessing the victim's credibility." Id. at 790, 812 N.Y.S.2d at 888. The Appellate Division also held that "the verdict of guilt was not against the weight of the evidence." Id. at 790, 812 N.Y.S.2d at 888.

9. Defendant applied for permission to appeal from the Appellate Division's decision to the New York State Court of Appeals. On July 12, 2006, defendant was denied permission to appeal further. People v. Fields, 7 N.Y.3d 788, 821 N.Y.S.2d 818 (2006) (Smith, J.).

10. On January 2, 2007, defendant filed a pro se application in the Appellate Division for a writ of error coram nobis, claiming that his assigned appellate counsel had been ineffective for failing on defendant's direct appeal to raise a claim of ineffective assistance of trial counsel.

11. On May 15, 2007, the Appellate Division denied defendant's application for coram nobis relief on the ground that defendant had failed to establish that he had been denied the effective assistance of appellate counsel. People v. Fields, 40 A.D.3d 875, 834 N.Y.S.2d 477 (2d Dep't 2007).

12. Defendant is incarcerated at Coxsackie Correctional Facility pursuant to the judgment of conviction.

13. In his current petition for a writ of habeas corpus, defendant claims that his appellate counsel was ineffective, that he was deprived at trial of his constitutional right to confront the witnesses against him, and that his trial counsel was ineffective. All of defendant's

claims are unexhausted for purposes of habeas review, meritless, and do not warrant habeas relief.

14. Pursuant to this Court's Order to Show Cause, dated February 25, 2008, the following exhibits are being submitted to this Court:

(a) The pretrial hearing, trial, and sentencing minutes (Respondent's Exhibit A, Parts 1-6);

(b) Defendant's brief to the Appellate Division (Respondent's Exhibit B);

(c) The State's brief to the Appellate Division (Respondent's Exhibit C);

(d) Defendant's pro se application, dated January 2, 2007, for a writ of error coram nobis (Respondent's Exhibit D);

(e) The State's moving papers, dated February 22, 2007, in opposition to defendant's application for a writ of error coram nobis (Respondent's Exhibit E).

15. I certify under penalty of perjury that, to the best of my knowledge, the foregoing is true and correct.

WHEREFORE, and for the reasons stated in the accompanying Memorandum of Law, defendant's petition for a writ of habeas corpus should be summarily denied.

Dated: Brooklyn, New York
July 23, 2008

Maria Park
Assistant District Attorney
Office of the Kings County District Attorney
350 Jay Street
Brooklyn, New York 11201
(718) 250-3013

cc: Lashawn Fields
Inmate No. 04-A-1526
Coxsackie Correctional Facility

P.O. Box 999
Coxsackie, New York 12051

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MP3013

LASHAWN FIELDS,

Petitioner,

-against-

08-CV-735 (JG)

H. D. GRAHAM, Superintendent,
Auburn Correctional Facility,

Respondent.

MEMORANDUM OF LAW

POINT I

DEFENDANT'S CLAIM THAT HIS APPELLATE COUNSEL WAS INEFFECTIVE IS UNEXHAUSTED FOR PURPOSES OF HABEAS REVIEW AND MERITLESS.
(Responding to Defendant's Habeas Grounds One and Two)

In his habeas application defendant claims that his appellate counsel was ineffective: (1) for raising a claim on direct appeal to the Appellate Division that was unpreserved for appellate review in the courts of New York State (see N.Y. Crim. Proc. Law § 470.05[2]) and (2) for raising the issue of trial counsel's ineffectiveness for the first time in an application for leave to appeal to the New York Court of Appeals, instead of on defendant's direct appeal. Both of these claims are unexhausted for purposes of habeas review. Moreover, both claims are meritless.[2]

Generally, before a federal court may consider the merits of a claim raised in a habeas

[2] To the extent that defendant is also claiming in his habeas petition -- for the first time -- that appellate counsel was ineffective for failing to raise a Confrontation Clause claim on direct appeal (see addendum to Defendant's Habeas Ground Two), that claim is also unexhausted because it has never been raised in any state forum, and is entirely meritless for the reasons set

corpus petition, a defendant must have exhausted state court remedies with regard to that claim. 28 U.S.C. § 2254(b)(1)(A); Picard v. Connor, 404 U.S. 270, 275 (1971); Dorsey v. Kelly, 112 F.3d 50, 52 (2d Cir. 1997). In order to satisfy the exhaustion requirement, the defendant must have presented the same factual allegations and legal arguments presented in the habeas petition to each level of the state courts to which the right to appeal is available. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); see generally Daye v. Attorney General of the State of New York, 696 F.2d 186, 191 (2d Cir. 1982), appeal foll. remand, 712 F.2d 1566 (2d Cir. 1983), cert. denied, 464 U.S. 1048 (1984).

In the case at bar, both of defendant's claims regarding appellate counsel's alleged ineffectiveness are unexhausted. Defendant's first claim, that appellate counsel was ineffective for raising an unpreserved claim on direct appeal, has never been raised in any state forum. Defendant's second claim, that his appellate counsel was ineffective for raising, for the first time, a claim regarding trial counsel's ineffectiveness in defendant's leave application to the New York Court of Appeals and for omitting that claim in defendant's brief to the Appellate Division, is likewise unexhausted because defendant never sought leave to appeal to the New York Court of Appeals from the Appellate Division's denial of his application for coram nobis relief. See N.Y. Crim. Proc. Law § 450.90(1).

Notwithstanding defendant's failure to exhaust his state remedies regarding his ineffective assistance of appellate counsel claim, this Court may properly exercise its authority to

---

forth in Point II, below, at 6.

deny defendant's application for habeas relief on the merits because "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).[3]

When a defendant alleges that he has been denied the effective assistance of trial counsel, a federal court must review counsel's performance according to the two-pronged standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, a defendant must demonstrate: (1) that counsel's performance "fell below an objective standard of reasonableness," and (2) that defendant was prejudiced thereby, i.e., that there was a "reasonable probability" that, but for counsel's error, the outcome would have been different. Strickland, 466 U.S. at 688-94. Although the Strickland standard was initially established to review a trial counsel's performance, it has also been applied to claims of ineffective assistance of appellate counsel. Claudio v. Scully, 982 F.2d 798, 803 (2d Cir. 1992), cert. denied, 508 U.S. 912 (1993).

Appellate counsel is given leeway to decide what issues to press, and is not required to argue on appeal every non-frivolous point that a defendant requests. Jones v. Barnes, 463 U.S. 745, 751 (1983). However, a defendant may establish that appellate counsel was constitutionally ineffective "if he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir.), cert. denied, 513 U.S. 820 (1994). When a defendant attempts to demonstrate that appellate counsel's performance was deficient based on a failure to raise a claim, he must show more than

[3] In the alternative, if this Court declines to deny defendant's habeas petition, then, because defendant's claim is unexhausted, the petition must be dismissed unless defendant elects to withdraw the unexhausted claim. See 28 U.S.C. § 2254(b)(1); Rose v. Lundy, 455 U.S. 509 (1982).

the omission by appellate counsel of a non-frivolous argument. Id. Instead, defendant must demonstrate that, but for the failure to raise the argument, there was a reasonable probability that the outcome of the appellate process would have been different. Jameson v. Coughlin, 22 F.3d 427, 429 (2d Cir.), cert. denied, 513 U.S. 888 (1994).

In the case at bar, defendant has entirely failed to demonstrate that appellate counsel's representation was deficient in any regard. Appellate counsel's sixteen-page brief (see Respondent's Exhibit B) enabled the Appellate Division to thoroughly review defendant's case. The brief included a detailed recitation of the pertinent facts as well as cogent, well-researched legal arguments based thereon. Appellate counsel argued vigorously that the evidence of defendant's guilt was legally insufficient because the testimony of the State's principal witness -- Ralph Julien (the victim) -- was incredible as a matter of law. Appellate counsel also argued that the verdict was against the weight of the credible evidence.[4] Counsel impressively marshaled the facts in support of the principal argument that the victim had given so many differing accounts of the circumstances under which he had been shot that he was entirely unworthy of belief. In short, a review of appellate counsel's brief belies defendant's complaint that counsel's representation was constitutionally deficient. For a more detailed discussion of defendant's ineffective assistance of appellate counsel claim and its lack of merit, see Respondent's Exhibit E.

---

[4] It should be noted that defendant has mischaracterized the claims raised by appellate counsel on direct appeal. According to defendant, appellate counsel argued only that the verdict was against the weight of the evidence (see Defendant's Habeas Ground One), when, in fact, appellate counsel also argued that the evidence of defendant's guilt was legally insufficient (see Respondent's Exhibit B at 12-16).

Not only has defendant failed to demonstrate that appellate counsel's performance was deficient, but he has not shown that, but for appellate counsel's alleged errors, there was a reasonable probability that defendant would have prevailed on appeal. See Jameson, 22 F.3d at 430 (petitioner "does not assert that he would have prevailed on any of the three arguments in the brief had they been presented more clearly or effectively"). Defendant's case "is not a situation where [appellate] counsel overlooked a 'sure winner' and focused only on clearly losing arguments." Jackson v. Leonardo, 162 F.3d 81, 85 (2d Cir. 1998). The fact that the Appellate Division reached the merits of the legal sufficiency claim raised by appellate counsel on direct appeal and rejected it despite the lack of preservation (see People v. Fields, 28 A.D.3d 789, 790, 812 N.Y.S.2d 888 (2d Dep't 2006), definitively establishes that trial counsel was not ineffective for failing to move to dismiss the State case on the ground that the victim's testimony was incredible as a matter of law. Because defendant's Confrontation Clause claim was also clearly meritless for the reasons set forth below at 7-9, defendant suffered no prejudice from appellate counsel's failure to raise that claim on direct appeal. See Clark v. Stinson, 214 F.3d 315, 323 (2d Cir. 2000), cert. denied, 531 U.S. 1116 (2001) (appellate counsel not ineffective for not raising on direct appeal meritless Confrontation Clause violation, i.e., that defendant was denied right to be present at portion of pretrial hearing); Harvey v. Portuondo, 2002 U.S. Dist. LEXIS 16322 (E.D.N.Y. 2002) (appellate counsel's failure to challenge the psychiatric testimony not prejudicial, as the claim had no merit).

In sum, defendant's ineffective assistance of appellate counsel claim is unexhausted, meritless, and does not warrant habeas relief.

POINT II

DEFENDANT'S CLAIM, THAT HE WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT TO CONFRONT THE WITNESSES AGAINST HIM BECAUSE A STATE'S WITNESS ASSERTED HIS FIFTH AMENDMENT PRIVILEGE AGAINST SELF-INCRIMINATION DURING CROSS-EXAMINATION BY TRIAL COUNSEL, IS PROCEDURALLY BARRED AND MERITLESS.
(Responding to Defendant's Habeas Ground Three).

In Ground Three of his habeas petition, defendant is apparently claiming that he was deprived of his constitutional right to confront the witnesses against him and, by implication, of due process, when a prosecution witness asserted his [the witness's] Fifth Amendment privilege against self-incrimination in response to a series of questions about the witness's pending criminal cases posed by trial counsel on cross-examination.[5] Defendant's claim is unexhausted for purposes of habeas review but should be deemed procedurally barred. Defendant's claim is also entirely meritless.

Generally, before a federal court may consider the merits of a claim raised in a habeas corpus petition, a defendant must have exhausted state court remedies with regard to that claim. 28 U.S.C. § 2254(b)(1)(A); Picard v. Connor, 404 U.S. at 275; Dorsey v. Kelly, 112 F.3d at 52. In order to satisfy the exhaustion requirement, the defendant must have presented the same factual allegations and legal arguments presented in the habeas petition to each level of the state

[5] Although defendant does not refer to the witness by name, it can fairly be inferred that defendant is referring to Omar Foxworth because Foxworth was the only State's witness who asserted his Fifth Amendment privilege against self-incrimination to certain questions posed by trial counsel during cross-examination. Foxworth's attorney was also present in the courtroom when Foxworth testified (see Respondent's Exhibit A, Part 4 at 264). Moreover, because defendant did not testify in his own behalf at trial, he cannot be referring to his own assertion of the Fifth Amendment privilege.

courts to which the right to appeal is available. See O'Sullivan v. Boerckel, 526 U.S. at 845.

Defendant's Confrontation Clause claim would have been reviewable on the record and, thus, should properly have been raised on direct appeal in state court. Because defendant did not raise this claim on direct appeal, he has failed to exhaust it. Moreover, because defendant has already completed the one state court appeal to which he is entitled, any attempt by him now to obtain state court review of the alleged federal nature of his claim would be procedurally barred under New York law. See N.Y. Crim. Proc. Law § 440.10(2)(c); Lurie v. Wittner, 228 F.3d 113, 124 (2d Cir. 2000), cert. denied, 532 U.S. 943 (2001). Absent a showing of cause and prejudice attendant to this procedural default or a fundamental miscarriage of justice arising therefrom, the claim is procedurally barred from federal habeas review. See Coleman v. Thompson, 501 U.S. 722, 748 (1991); Murray v. Carrier, 477 U.S. 478, 496 (1986); Arparicio v. Artuz, 269 F.3d 78, 90 (2d Cir. 2002). Notably, defendant cannot rely on appellate counsel's alleged ineffectiveness as cause for his procedural default because, for the reasons explained above at 1-2, defendant failed to exhaust his ineffective assistance of appellate counsel claim in state court. Under these circumstances, this Court should deem defendant's Confrontation Clause claim to be exhausted, but should deny the claim on the ground that it is procedurally barred by defendant's state procedural default. See Jones v. Keane, 329 F.3d 290 (2d Cir.), cert. denied, 540 U.S. 1046 (2003); Strogov v. Attorney General of the State of New York, 191 F.3d 188 (2d Cir. 1999), cert. denied, 530 U.S. 1264 (2000).

Defendant's claim is also entirely meritless. The pertinent facts may be briefly stated. At trial, the State called Omar Foxworth as a witness (see Respondent's Exhibit A, Part 4 at

263). The court informed the jury that Mr. Foxworth's attorney was also present in court (id. at 264). Among other matters, Mr. Foxworth answered all questions about his prior criminal record posed to him by the prosecutor on direct examination (id. at 266-68). Mr. Foxworth testified about the nature of his relationship with defendant, such as how they had met and how long they had known each other (id. at 268-72). Mr. Foxworth also testified about the circumstances under which defendant had admitted to him in a conversation that defendant had shot the victim because defendant believed that the victim had stolen a gun from him (id. at 277-82). Then, at the outset of her cross-examination, trial counsel proceeded to ask Mr. Foxworth a series of questions about various criminal matters that were currently pending against him (id. at 283-86). In response to each question about a pending criminal matter, Mr. Foxworth asserted his Fifth Amendment privilege against self-incrimination (id.) However, when asked on cross-examination about his numerous prior convictions, Mr. Foxworth answered all of trial counsel's questions (id. at 286-96). Mr. Foxworth also testified that no promises had been made to him in exchange for his trial testimony (id. at 281).

While the sixth amendment provides a defendant with "an opportunity for effective cross-examination," it does not assure "cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." Delaware v. Fensterer, 474 U.S. 15, 20 (1985) (emphasis in original). "Consistent with these principles . . . in some instances a defendant's sixth amendment right to confrontation will be denied as a result of a witness' invocation of his or her fifth amendment privilege against self-incrimination." Bagby v. Kuhlman, 932 F.2d 131, 135 (2d Cir.), cert. denied, 502 U.S. 926 (1991). The sixth amendment is violated only when the witness's assertion of the privilege against self-incrimination undermines the defendant's ability

to test the truth of the witness's direct testimony. Dunbar v. Harris, 612 F.2d 690, 693 (2d Cir. 1979). To make that determination, a court must first examine: (1) whether the matters to which the witness has asserted the fifth amendment privilege are collateral to his or her direct testimony, and (2) whether the assertion of the privilege precludes inquiry into the details of the witness's direct testimony. Bagby, 932 F.2d at 135.

In the case at bar, Mr. Foxworth asserted his privilege against self-incrimination exclusively with regard to questions posed by trial counsel about criminal cases that were pending against him in state court. That circumstance did not preclude trial counsel from vigorously cross-examining Mr. Foxworth about his prior criminal record and about the details of his direct testimony concerning defendant's admission to having shot the victim. Under these circumstances, trial counsel still had an unfettered opportunity to test Mr. Foxworth's credibility on cross-examination. Because Mr. Foxworth's assertion of the privilege pertained solely to a collateral matter, namely, his pending criminal cases, no violation of defendant's confrontation rights occurred here. See Ayala v. Ercole, 2007 U.S. Dist. LEXIS 28341, at *41 (E.D.N.Y. April 17, 2007) ("[T]he witnesses' assertion of their *Fifth Amendment* right pertained to collateral matters about other unrelated crimes and did not prohibit petitioner from inquiring into their direct testimony identifying him as the shooter").

In sum, defendant's confrontation claim is procedurally barred, meritless, and does not warrant habeas relief.

POINT III

DEFENDANT'S CLAIM THAT HIS TRIAL COUNSEL WAS INEFFECTIVE, IS PROCEDURALLY BARRED AND MERITLESS.
(Responding to Defendant's Habeas Ground Four)

In Ground Four of defendant's habeas petition, the Supporting FACTS alleged by defendant fail to clearly set forth the basis for defendant's contention here that trial counsel was ineffective. Defendant previously alleged, in conjunction with his application for coram nobis relief (see Respondent's Exhibit D), that trial counsel was ineffective for failing to move to dismiss the State's case on the ground that the victim's trial testimony was incredible as a matter of law. Because the Supporting FACTS alleged by defendant (see Defendant's Habeas Ground Four) refer to seven different stories that the victim told the police, it is reasonable to assume that defendant is raising the same ineffective assistance of trial counsel claim in his habeas application that he referred to in his application for coram nobis relief. In any event, defendant's ineffective assistance of trial counsel claim is unexhausted for purposes of habeas review, but should be deemed procedurally barred. Defendant's claim is also meritless.[6]

Defendant's ineffective assistance of trial counsel claim could have been determined on direct appeal in state court from a review of the trial record. However, defendant did not raise this claim on direct appeal and may no longer do so. Moreover, defendant may not rely upon appellate counsel's alleged ineffectiveness as cause for his procedural default because defendant failed to exhaust his ineffective assistance of appellate counsel claim in state court (see, above, at

---

[6] Although defendant alleges in his habeas application (see Defendant's Habeas at ¶ 13) that his "440.10 is in" no such submission has been received to date by the Kings County District Attorney's Office.

1-2). In addition, because this claim could have been raised on direct appeal, defendant is barred from raising it on collateral review in state court. See N.Y. Crim. Proc. Law § 440.10(2)(c). As a result, defendant no longer has a state court forum in which to raise his current claim, and it is procedurally barred from habeas review. See Sweet v. Bennett, 353 F.3d 135, 140 (2d Cir. 2003) (on-the-record claim procedurally defaulted where it was not raised on direct appeal and cannot be raised in C.P.L. § 440.10 motion).[7]

Like claims of ineffective assistance of appellate counsel, claims of ineffective assistance of trial counsel are analyzed under the two-pronged standard of Strickland v. Washington, 466 U.S. 668 (1984). To establish trial counsel's ineffectiveness, a defendant must: (1) demonstrate that counsel's performance "fell below an objective standard of reasonableness," and (2) show that there was a "reasonable probability" that, but for counsel's error, the outcome would have been different. Strickland, 466 U.S. at 688-94. In evaluating trial counsel's performance, a court must make "every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689. Any errors in counsel's representation must be considered in light of the "totality of the evidence before the judge or jury," rather than in isolation. Lindstadt v. Keane, 239 F.3d 191, 199 (2d Cir. 2001) (quoting Strickland, 466 U.S. at 695). Indeed, there

---

[7] Nor can defendant successfully argue that his ineffective assistance of trial counsel claim is exhausted by virtue of his coram nobis application. Although defendant sought coram nobis relief premised upon appellate counsel's failure to raise ineffective assistance of trial counsel on defendant's direct appeal, that proceeding did not present to the Appellate Division the underlying claim regarding trial counsel's alleged ineffectiveness. See Turner v. Artuz, 262 F.3d 118, 123 (2d Cir.), cert. denied, 534 U.S. 1031 (2001); see also Attawwab v. Gurdich, 2007 U.S. Dist. LEXIS 52962, at *15-16 (E.D.N.Y. July 23, 2007).

is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

A review of the record in this case reveals that trial counsel provided defendant with effective assistance. Counsel made a pretrial motion to suppress a written statement made by defendant in which defendant admitted to being on the roof with the victim at the time that the shooting occurred. At the pretrial hearing, trial counsel effectively cross-examined the State's witnesses, made timely objections, and comprehensively outlined the reasons why the pretrial statement should be suppressed. At trial, counsel vigorously attempted to impeach the victim (see Respondent's Exhibit A, Part 4 at 180-248, 256-58) and Omar Foxworth (see Respondent's Exhibit A, Part 4 at 283-97), and effectively cross-examined both witnesses about a variety of issues, including the victim's inconsistent accounts of the shooting and Foxworth's extensive prior criminal record. In doing so, trial counsel lay the ground work for a well-developed and well-executed summation in which counsel enumerated what she deemed to be numerous weaknesses in the People's proof that rendered the victim and Foxworth wholly unworthy of belief (see Respondent's Exhibit A, Part 5 at 319-49). Against this factual backdrop, the single alleged error -- failing to move to dismiss the State's case on the basis that the victim's testimony was incredible as a matter of law -- clearly fails to render trial counsel's performance constitutionally deficient.

Moreover, defendant has failed to demonstrate that he was prejudiced by trial counsel's alleged error. Even if trial counsel had moved to dismiss the case against defendant on the ground that the victim's testimony was incredible as a matter of law, the motion would have been unavailing. Any doubt regarding that outcome is dispelled by the Appellate Division's

determination that the People's evidence was legally sufficient to establish defendant's guilt beyond a reasonable doubt. See People v. Fields, 28 A.D.3d 789, 790, 812 N.Y.S.2d 888 (2d Dep't 2006).

In sum, defendant's ineffective assistance of trial counsel claim is procedurally barred, meritless, and does not warrant habeas relief.

## CONCLUSION

FOR THE AFOREMENTIONED REASONS, DEFENDANT'S APPLICATION FOR A WRIT OF HABEAS CORPUS SHOULD BE DENIED.

Dated: Brooklyn, New York
July 23, 2008

Respectfully submitted,

CHARLES J. HYNES
District Attorney
Kings County

LEONARD JOBLOVE
ANNE C. FEIGUS
MARIA PARK
Assistant District Attorneys
of Counsel

Certificate of Service

I hereby certify that on July 23, 2008, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following party:

Lashawn Fields
Inmate No. 04-A-1526
Coxsackie Correctional Facility
P.O. Box 999
Coxsackie, New York 12051

Maria Park
Assistant District Attorney
Office of the Kings County District Attorney
350 Jay Street
Brooklyn, New York 11201
(718) 250-3013